USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/03/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- X
UNITED STATES OF AMERICA,          :
                                   :
            Plaintiff,             :          No. 11 Cr. 755 (JFK)
                                   :
    -against-                      :               **ORDER**
                                   :
RICHARD PEREZ,                     :
                                   :
            Defendant.             :
                                   :
------------------------------- X

**JOHN F. KEENAN, United States District Judge:**

On March 12, 2019, the Court received a motion from pro se petitioner Richard Perez ("Perez"), pursuant to Federal Rule of Civil Procedure 60(d)(3), to set aside his conviction for fraud on the court. See ECF No. 396. The Government opposes this motion. See ECF No. 403.

Relief under a Rule 60 motion is "available only when the motion attacks the integrity of [a] previous habeas proceeding rather than the underlying criminal conviction." United States v. Torres, 06 Cr. 987-07 (DC), 2015 WL 13034656, at *1 (S.D.N.Y. Aug. 24, 2015) (quoting Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004)).[1] Here, both the language of Perez's motion and

---

[1] As courts in this district have observed, "it is not yet crystal clear" whether this rule governs Rule 60(d) motions, though numerous district courts in this circuit have suggested that it does. Salazar-Espinoza v. United States, No. 11 Civ. 247 (LAK), 2012 WL 1788145, at *1 (S.D.N.Y. May 15, 2012); Torres, 2015 WL 13034656, at *1 n.1 (collecting cases); see also United States v. Fuller, 04-cr-801 (PKC), 2017 WL 10110743, at *2 (S.D.N.Y. Nov. 20, 2017). In light of that ambiguity and "to avoid the possibility of an unnecessary remand," the

1

the fact that he has made no previous habeas petitions clearly indicate that he is attacking his criminal conviction. Accordingly, this motion is beyond the scope of Rule 60.

Even if Perez could challenge his conviction under Rule 60(d)(3), his motion would fail on the merits. Rule 60(d)(3) gives a district court power to "set aside a judgment for fraud on the court." "Fraud [on] the court . . . is limited to fraud which seriously affects the integrity of the normal process of adjudication." King v. First Am. Investigations, Inc., 287 F.3d 91, 95 (2d Cir. 2002); see also Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1325 (2d Cir. 1995) (holding that the "concept of 'fraud on the court' embraces 'only that species of fraud which does[,] or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases'" (quoting Kupferman v. Consol. Research & Mfg. Corp., 459 F.2d 1072, 1078 (2d Cir. 1972))). Here, Perez has alleged inconsistencies in certain individuals' testimony regarding a robbery that Perez's co-conspirators committed. Even if, as Perez alleges, this inconsistency constituted perjury, "neither perjury nor nondisclosure, by itself, amounts

---

Court follows Circuit Judge Chin and District Judge Kaplan's example and addresses the merits of Perez's motion as well. See Torres, 2015 WL 13034656, at *1 n.1; Salazar-Espinoza, 2012 WL 1788145, at *1-2.

to anything more than fraud involving injury to a single litigant." <u>Gleason v. Jandrucko</u>, 860 F.2d 556, 560 (2d Cir. 1988). Indeed, this type of "[a]fter-discovered evidence of alleged perjury by a witness is simply not sufficient for a finding of 'fraud upon the court.'" <u>Id.</u> at 559.

Finally, the Court is mindful that this motion could have properly been brought as a motion to vacate, set aside, or correct Perez's sentence pursuant to 28 U.S.C. § 2255. <u>Torres</u>, 2015 WL 13034656, at *1 (citing <u>Harris</u>, 367 F.3d at 80). Even if the Court deemed this a § 2255 motion, however, it would still be denied. Ordinarily, a § 2255 motion must be made within a year of "the date on which the judgment becomes final." 28 U.S.C. § 2255(f)(1). Perez's conviction became final in June 2015 after his time for filing a direct appeal expired. <u>See</u> Fed. R. App. P. 4(b); <u>Moshier v. United States</u>, 402 F.3d 116, 118 (2d Cir. 2005). Since this motion was not filed until March 12, 2019, the Court would have denied it as time-barred.

## Conclusion

For the above reasons, Perez's Rule 60(d)(3) motion is DENIED.

The Court declines to issue a certificate of appealability because Perez has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>Krantz v. United States</u>, 224 F.3d 125, 127 (2d Cir. 2000). Further, the

3

Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to close the motions docketed at ECF Nos. 393 and 396.

**SO ORDERED.**

Dated:   New York, New York
         ~~May~~ June 3, 2019

                                            /s/ John F. Keenan
                                            ──────────────────────────
                                            John F. Keenan
                                            United States District Judge